■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIGI JORDAN, Appellant. [44 NYS3d 378]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered May 28, 2015, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing her to a term of 18 years, unanimously affirmed.

The court properly declined to instruct the jury on the defense of duress, and properly excluded evidence having no relevance except to the extent it supported a legally baseless purported duress defense. Furthermore, even if the excluded

evidence had been admitted there would still have been no basis for a duress charge. The strange, euthanasia-like defense offered by defendant did not satisfy any of the statutory requirements of a duress defense.

Viewed most favorably to defendant, her claim was essentially that she killed her eight-year-old son because she believed that her dangerous ex-husband would kill her at some future time, that her death would lead to her son being sexually abused by another ex-husband, who was the boy's biological father, and that her son would be better off dead than being subject to such abuse. Initially, we note that defendant was not precluded from raising a psychiatric defense, and she did assert an extreme emotional disturbance defense, which the jury apparently accepted when it acquitted her of murder.

The affirmative defense of duress requires proof that a defendant engaged in proscribed conduct because he or she was "coerced to do so by the use or threatened imminent use of unlawful physical force," which force or threatened force must be such that "a person of reasonable firmness in [the defendant's] situation would have been unable to resist" (Penal Law § 40.00). Inherent in the concept of coercion is that a third party compels a defendant to commit a particular crime, and does so by using or threatening force. Here, there was no claim that defendant's ex-husband made any threats aimed at coercing defendant into harming her son. In any event, the ex-husband's alleged threat of harm to defendant was not "imminent" (*see People v Moreno*, 58 AD3d 516, 518 [1st Dept 2009], *lv denied* 12 NY3d 819 [2009]).

Defendant's Sixth Amendment right to a public trial was not violated when the court briefly closed the courtroom during a discussion of a legal matter relating to protecting the jury from exposure to publicity about the case. This was the equivalent of a sidebar, robing room or chambers conference. The right to a public trial does not extend to such conferences, and does not restrict judges "in their ability to conduct conferences in chambers, inasmuch as such conferences are distinct from trial proceedings" (*Richmond Newspapers, Inc. v Virginia*, 448 US 555, 598 n 23 [1980]; *see People v Olivero*, 289 AD2d 1082 [4th Dept 2001], *lv denied* 98 NY2d 639 [2002]). Moreover, the conference had no impact upon the conduct of the trial other than having the court repeat its previous instructions about trial publicity and minutes and exhibits that had been sealed were unsealed the same day.

The record does not establish that defendant's sentence was based on any improper factors, and we perceive no basis for

reducing the sentence. Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.